IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cr-05005-RK-1 |
| | ) | |
| JEREMY WHITCHER, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is Defendant Jeremy Whitcher's correspondence with the Court, filed on August 13, 2025 ("Correspondence"). Construing the Correspondence liberally, Mr. Whitcher invokes his right to self-representation pursuant to the Sixth Amendment to the United States Constitution and requests a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975). On August 29, 2025, the Court conducted a *Faretta* hearing. (Doc. 30). For the reasons discussed below, Mr. Whitcher's motion to proceed *pro se* is granted.

## I. Background

On February 26, 2025, a federal grand jury in the Western District of Missouri returned an Indictment against Mr. Whitcher, charging him with knowingly and intentionally possessing, with the intention to distribute, 50 grams or more of methamphetamine. (Doc. 1). On April 25, 2025, the Court appointed the Federal Defender to represent Mr. Whitcher. (Doc. 5). On April 28, 2025, Mr. Paul Duchscherer, a Federal Defender, entered his appearance on behalf of Mr. Whitcher. (Doc. 12). On June 10, 2025, Mr. Whitcher terminated the services of the Federal Defender and requested an appointed CJA attorney. Mr. Dakota Paris was appointed to represent Mr. Whitcher. (Doc. 24). On August 13, 2025, Mr. Whitcher filed Correspondence with the Court requesting that

he be allowed to proceed *pro se*. (Doc. filed August 13, 2025). He also asserted his right to a speedy trial. (*Id*.). On August 29, 2025, the Court conducted a *Faretta* hearing at which Mr. Whitcher again advised the Court that he wishes to proceed *pro se*. (Doc. 31 at 9). As set forth below, the Court questioned Mr. Whitcher, warned him of the dangers of self-representation, and ultimately found that he had knowingly and intelligently waived his right to counsel.

## II. Legal Standard

The Sixth Amendment guarantees that a criminal defendant "be afforded the right to assistance of counsel" and "implies a right of self-representation." *See Faretta*, 422 U.S. at 807, 821. A defendant's waiver of right to counsel must be "voluntary, intelligent, and knowing." *United States v. Beard*, No. 22-2462, 2023 WL 3090866 (8th Cir. Apr. 26, 2023) (quoting *United States v. Ladoucer*, 573 F.3d 628, 633 (8th Cir. 2009)). "This standard is met if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages." *United States v. Davis*, 695 F. App'x 180, 184 (8th Cir. 2017) (citing *Ladoucer*, 573 F.3d at 633). The court need not "ensure that the defendant is capable of representing himself as well as a trained and experienced lawyer…" *Ladoucer*, 573 F.3d at 633 (quoting *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998)). The Eighth Circuit has expressly rejected the existence of a constitutional right to standby counsel. *See United States v. Lemicy*, 122 F.4th 298, 306 (8th Cir. 2024) (citing *United States v. Kesier*, 578 F.3d 897, 908 (8th Cir. 2009)).

## III. Discussion

Here, the Court finds Mr. Whitcher knowingly and intelligently waived his right to counsel. During the hearing, the Court advised Mr. Whitcher of his right to counsel and told him that he could represent himself only if he knowingly and voluntarily waived that right. The Court explained all the

hazards and disadvantages of self-representation. The Court then asked several questions to determine whether he could proceed *pro se*. Mr. Whitcher communicated that although he had not taken any law-related courses, he was aware of the maximum penalty for each charge and knew that consecutive sentences may be imposed if he is convicted at trial. (Doc. 31 at 3-4). Mr. Whitcher said that he understood he would receive no assistance from counsel or the District Judge in trying his case. (Doc. 31 at 4-5). He said that he had some familiarity with the Federal Rules of Evidence. (Doc. 31 at 5). Mr. Whitcher said that he understood that the Federal Rules of Evidence, case law from the Court of Appeals for the Eighth Circuit, and case law from the United States Supreme Court govern what evidence is permissible at trial. (Doc. 31 at 5). Mr. Whitcher said that he was not familiar with *voir dire*. (Doc. 31 at 5). Mr. Whitcher said that he knew the definition of hearsay, but that he did not know the exceptions to the hearsay rule, the best evidence rule, what constitutes proper impeachment, and when character evidence is appropriate. (Doc. 31 at 6-7). Mr. Whitcher said he has not conducted a direct examination or a cross-examination. (Doc. 31 at 7). Mr. Whitcher stated that he does not know how to move for judgment of acquittal at the close of the Government's case, nor does he know how to proffer evidence at court to protect the record for appeal, and he was not familiar with a motion for mistrial. (Doc. 31 at 7-8). Mr. Whitcher said he was familiar with some Federal Rules of Criminal Procedure, but he was "not exactly" familiar with the rules for giving a closing argument. (Doc. 31 at 8-9). Defense Counsel Dakota Paris and Assistant United States Attorney Hannah Lucas stated that neither have any concerns with respect to Mr. Whitcher's mental competency to waive counsel. (Doc. 31 at 9-10). The Court then stated:

> Based on the answers you have given to me to these questions, I need to advise you that, in my opinion, a trained lawyer would defend you far better than you can defend yourself. I believe that it is not wise for you to try to represent yourself. And as you are not as familiar with the law as an attorney would be, you are not as familiar with court procedures as an attorney would be, and you are not as familiar with the Rules of Evidence as an attorney would, I'd strongly urge you not to try to represent yourself.

> Now, in light of the penalty you may suffer if you were found guilty, in light of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

(Doc. 31 at 9).

Mr. Whitcher replied, "Absolutely." The Court then asked, "Is your decision entirely voluntary on your part?" (Doc. 31 at 9). Mr. Whitcher stated, "Yeah. Yeah it is." (Doc. 31 at 9). Having acknowledged his rights and potential hazards, Mr. Whitcher said he wishes to proceed *pro se*.

### IV.     Conclusion

The Court accepts Defendant Jeremy Whitcher's waiver as being knowingly and intelligently made. IT IS, THEREFORE, ORDERED that Defendant Jeremy Whitcher's motion to proceed *pro se* is GRANTED.

It is further ORDERED that Clerk's office send via U.S. Mail any court filings to Defendant Jeremy Whitcher at St. Clair County Jail, P.O. Box 546, Osceola, Missouri, 64776.

It is further ORDERED that, if Defendant Jeremy Whitcher changes address in the future, he shall provide the Court with the new address within five business days.

Dated this 4th day of September, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge