IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cr-05005-RK |
| | ) | |
| JEREMY WHITCHER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Jeremy Whitcher's *pro se* Motion for Order Alleging Prosecutorial Misconduct. (Doc. 56). The Government has filed its suggestions in opposition (Doc. 61), to which Mr. Whitcher has not filed a reply and the time to do so has passed. The motion is now ripe for consideration. The Court liberally construes Mr. Whitcher's motion as a motion to dismiss the indictment and finds that Mr. Whitcher has not provided a sufficient basis for dismissal. Therefore, it is recommended that the Motion for Order be DENIED.

### I. Background

On February 26, 2025, a federal grand jury returned a three-count indictment charging Mr. Whitcher in Count 1 with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count 2 with possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and Count 3 with possession with intent to distribute 5 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 1). On April 25, 2025, defense counsel was appointed, the Court held Mr. Whitcher's

Arraignment and Initial Appearance, and the Court entered a Scheduling and Trial Order. (Docs. 5, 6, 11). On June 10, 2025, the Court found an irreconcilable conflict existed and that there was a complete breakdown in communication between Mr. Whitcher and his appointed counsel. (Doc. 23). Mr. Whitcher was appointed new defense counsel. (Doc. 24). On August 29, 2025, after holding a *Faretta* hearing, this Court granted Mr. Whitcher's motion to proceed *pro se*. (Docs. 30-32). Mr. Whitcher filed the instant motion alleging prosecutorial misconduct on November 7, 2025. (Doc. 56). The Government filed its response on November 12, 2025. (Doc. 61).

## II. Discussion

The Court liberally construes Mr. Whitcher's motion as a Motion to Dismiss the Indictment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation marks omitted); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (holding that district courts should construe pro se documents "in a way that permits the [pro se] claim to be considered within the proper legal framework"). Mr. Whitcher alleges that the United States Attorney's Office has engaged in prosecutorial misconduct by presenting fabricated evidence to the grand jury and withholding evidence from the defense in violation of *Brady v. Maryland*. (Doc. 56 at 1-3). For the reasons that follow, Mr. Whitcher's arguments fail.

### A. Legal Standard

A district court can only dismiss an indictment for prosecutorial misconduct if the defendant demonstrates flagrant misconduct and substantial prejudice. *United States v. Manthei*, 979 F.2d 124, 126-27 (8th Cir. 1992). Without "demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." *United States v. Wadlington*, 233 F.3d 1067, 1073 (8th Cir. 2000) (quoting *Manthei*, 979 F.2d at 126-27)).

"Grand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Fenner*, 600 F.3d 1014, 1021 (8th Cir. 2010) (citing *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir. 1986)). Dismissal of an indictment is inappropriate "absent a showing of actual prejudice." *Fenner*, 600 F.3d at 1021 (citing *United States v. Wilson*, 565 F.3d 1059, 1070 (8th Cir. 2009)). Speculative or conclusory claims of possible prejudice are insufficient. *United States v. Gladney*, 474 F.3d 1027, 1031 (8th Cir. 2007). "It is well established that the identity of a controlled substance can be proved by circumstantial evidence and opinion testimony." *United States v. Covington*, 133 F.3d 639, 644 (8th Cir. 1998) (internal citation omitted). An indictment returned by a legally established and unbiased grand jury "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Roach*, 28 F.3d 729, 739 (8th Cir. 1994) (quoting *United States v. Calandra*, 414 U.S. 338, 345 (1974)).

"A *Brady* violation occurs when the government suppresses evidence that is favorable to a defendant and is material as to either guilt or punishment." *United States v. Cotton*, 823 F.3d 430, 438-39 (8th Cir. 2016) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Evidence is material as to guilt if there is a reasonable probability that disclosure of the evidence would alter the result of the proceeding. *Id.* at 439.

"To establish a *Brady* violation, a defendant is required to show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." *United States v. Szczerba*, 897 F.3d 929, 941 (8th Cir. 2018) (citing *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014)). Pretrial disclosure is not required under *Brady*, and "due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011).

### B. There is no evidence that the grand jury proceeding was flawed.

Mr. Whitcher claims that the Government must have fabricated evidence to secure his indictment for actual possession if they presented their case to the grand jury without a lab report or field test of the drugs recovered from his vehicle. (*See* Doc. 56). The Government argues it did not need to present a lab report to obtain a lawful indictment. (Doc. 61 at 2-3). The Court recommends a finding that Mr. Whitcher has shown no basis to dismiss the indictment.

Mr. Whitcher does not present the Court with any evidence that the grand jury proceedings against him were prejudiced. He argues that due to the timing of his arrest on Christmas Eve, it is "very unlikely that a lab report was completed to present to the grand jury" two months later. (Doc. 56 at 2). However, Mr. Whitcher has not presented any evidence other than his own opinion that the grand jury proceedings were flawed. The burden falls on Mr. Whitcher to overcome the presumption of regularity afforded to grand jury proceedings. *Fenner*, 600 F.3d at 1021. Mr. Whitcher's conclusory allegations do not overcome this burden.

Even assuming that the grand jury did not review a laboratory report, Mr. Whitcher's argument still fails. A grand jury's role is to decide whether probable cause exists that a person committed a crime. *Kaley v. United States*, 571 U.S. 320, 328 (2014). Laboratory analysis of a suspected controlled substance is not required to establish probable cause sufficient to indict. *See Covington*, 133 F.3d at 644 ("It is well established that the identity of a controlled substance can be proved by circumstantial evidence and opinion testimony."). Mr. Whitcher's allegations do not overcome the presumption of regularity afforded to grand jury proceedings. *Fenner*, 600 F.3d at 1021.

Dismissal of an indictment is inappropriate "absent a showing of actual prejudice." *Fenner*, 600 F.3d at 1021. Speculative or conclusory claims of possible prejudice are insufficient. *Gladney*,

474 F.3d at 1031. Mr. Whitcher has not shown actual prejudice. Accordingly, the Court recommends a finding that there is no basis for dismissing the indictment against Mr. Whitcher based on flawed grand jury proceedings.

    **C. The Government has not violated its obligations under *Brady v. Maryland*.**

Mr. Whitcher argues that the Government has withheld evidence from him in violation of *Brady v. Maryland*. (Doc. 56 at 2). He alleges that the prosecution withheld a laboratory report from the discovery it delivered to the defendant. (*Id.*). The Government has represented to the Court that the requested discovery was sent to Mr. Whitcher on or before October 31, 2025. (Docs. 49, 50, 55). Therefore, by definition, the evidence has not been suppressed by the prosecution. *See Szczerba*, 897 F.3d at 941 (noting that one of the requirements to establish a *Brady* violation is that the evidence was suppressed by the prosecution). Mr. Whitcher received the evidence before it was too late to use it at trial. Accordingly, the Court recommends a finding that the Government has not violated its obligations under *Brady v. Maryland* and there is no grounds for dismissing the indictment.

### III.    <u>Conclusion</u>

Mr. Whitcher has not presented any evidence of prosecutorial misconduct in his case, let alone "flagrant misconduct and substantial prejudice" that would demand dismissal. *Manthei*, 979 F.2d at 127. Without "demonstrable prejudice, or substantial threat thereof," dismissal of Mr. Whitcher's indictment is inappropriate. *Wadlington*, 233 F.3d at 1073.

The undersigned recommends that the District Judge find Mr. Whitcher's arguments do not present a basis for dismissing the indictment against him. Accordingly, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, DENY Defendant Jeremy Whitcher's Motion for Order. (Doc. 56).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 25th day of November, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge